# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RYAN'S EXPRESS TRANSPORTATION SERVICES, INC.,

    Plaintiff,

v.

CATERPILLAR, INC., *et al.*,

    Defendants.

Case No. 2:07-CV-0008-KJD-GWF

**ORDER**

    Presently before the Court is Defendant Blue Bird Corporation's Motion for Summary Judgment (#78). Also before the Court is Defendant Caterpillar, Incorporated's Motion for Summary Judgment (#79). Plaintiff appropriately filed a combined response in opposition (#87) to which Defendants replied (#90/91/92/93).

I. Facts

    Plaintiff Ryan's Express Transportation Services, Inc. ("Ryan's Express") provides motorcoach services for domestic and international tour groups, destination and management companies, hotels, resorts, schools, clubs, and travel agencies. It has operations in the Western United States including Las Vegas, San Diego, Phoenix, Tucson, Reno, and Sacramento. Its vehicle fleet includes stretch limousines, luxury sedans, deluxe passenger vans, mini coaches, luxury vans

and motor coaches. Plaintiff's President, Michael Haggerty, owns 51% of the company while a private equity group owns the other 49%.

Haggerty has been in the transportation business for over two decades and is responsible for negotiating vehicle purchase contracts on the company's behalf. Plaintiff purchased three Blue Bird Model M4 RE 4404C motor coaches ("the Motor Coaches") from Defendant Blue Bird Corporation ("Blue Bird"), a manufacturer of school buses, commercial buses, and recreational vehicles. Defendant Caterpillar, Inc. ("CAT") manufactured the Caterpillar C-12 engines that were sold to Blue Bird in 2003 and installed in the subject motor coaches.

Ryan's Express purchased the coaches to partially fill a contract with the Venetian Hotel in Las Vegas, Nevada to transport hotel employees from off-site parking lots to the hotel. Plaintiff provided twenty-four hour shuttle services for Venetian employees seven days a week. The Motor Coaches ran twenty-four hours a day seven days a week unless they were being maintained or repaired.

The main factor in Haggerty's decision to purchase the coaches was the "price point", approximately $60,000 less per unit than competing manufacturers. Blue Bird provided Ryan's Express with a coach for a thirty (30) day trial period. Haggerty made the decision to purchase the coaches despite the recommendation of Plaintiff's self-described head mechanic, John Kennedy, that the coaches were not mechanically sound.

Haggerty negotiated the purchase exclusively through Blue Bird employee Steve Richardson. Haggerty does not recall any specific representation made by Richardson during negotiations. Haggerty agrees that he did not negotiate for loss of revenue payments if the buses were out of service for warranty repairs as part of the purchase agreement with Blue Bird. Blue Bird did provide a Limited Warranty ("the Warranty") as part of the purchase agreement.

The Warranty stated that Blue Bird "warrants each coach to be free from defects in material and workmanship under normal use and service for two (2) years/150,000 miles" whichever occurred first from the date of delivery. The Warranty did not cover components installed by Blue Bird but

were warranted separately by their manufacturers, such as the engines, automatic transmissions, wheelchair lifts, air conditioners, tires and batteries. The Warranty also did not cover repair or replacement of parts that were damaged through normal wear or deterioration through use, accidental damage or misuse. The Warranty also contained this limitation set out in all caps font in its own paragraph:

> THIS LIMITED WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES EXPRESSED OR IMPLIED AND ALL OTHER OBLIGATIONS OR LIABILITIES. NO PERSON, INCLUDING SALESMEN, DEALERS, DISTRIBUTORS, OR FACTORY REPRESENTATIVES OF WANDERLODGE, IS AUTHORIZED TO MAKE ANY REPRESENTATION OR WARRANTY CONCERNING WANDERLODGE PRODUCTS EXCEPT TO REFER PURCHASERS TO THIS LIMITED WARRANTY. WANDERLODGE MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. WANDERLODGE SHALL NOT BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.

See Defendant Blue Bird Corporation's Motion for Summary Judgment, Doc. No. 78, Ex. 3. Haggerty was aware of the clause excluding incidental and consequential damages. He had purchased other vehicles which also excluded such damages.

The Caterpillar engines were warranted separately from the Blue Bird Motor Coaches. The Caterpillar Limited Warranty ("the Cat Warranty") was shipped with each engine and by its express terms only applied to the engine and was not applicable to any other portion of the Motor Coaches. The standard warranty period ran for twenty-four months, and the extended warranty period ran for sixty-months or 500,000 miles whichever came first.

The Cat Warranty also made the following disclaimers in bold, capital letters set in a separate and distinct paragraph:

> **THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE..REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISION OF MATERIAL AND SERVICES, AS SPECIFIED HEREIN. CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.**

See Defendant Caterpillar Inc.'s Motion for Summary Judgment, Doc. No. 79, Ex. H.

Plaintiff had no policy of documenting repairs and maintenance on its vehicles including the Blue Bird Motor Coaches.  The Motor Coaches were involved in several accidents which caused damage.  Blue Bird repaired or replaced parts covered under the limited warranty at a cost of $32,415.00.  Blue Bird's warranty records reflect that no warranty claim submitted by Plaintiff was denied.  Similarly, Cat warranty records demonstrate that every warranty claim submitted by Plaintiff was repaired.

Plaintiff filed its Complaint on November 29, 2006 alleging that the three motor coaches had substantial mechanical problems and alleged claims against Blue Bird and Caterpillar for breach of contract, breach of warranty, breach of Nev. Rev Stat. 104.2314 and 104.2315, and breach of the covenant of good faith and fair dealing.  Defendant Caterpillar, Inc. was served on December 4, 2006 and removed the action to federal court on January 3, 2007.  On December 28, 2006 the three coaches were sold or traded-in to Motor Coach Industries.  Neither Defendant had an opportunity to inspect the Motor Coaches before they were sold.

On May 21, 2008, the magistrate judge in the present action ruled that Georgia law applied to the interpretation of and conscionability of the limited warranty.  See Order, Doc. No. 72, p.6. Neither party filed objections to the order of the magistrate judge.  On January 6, 2009, the magistrate judge denied Defendants' motion for sanctions seeking to have the case dismissed for spoilation of evidence based on Plaintiff's transfer of the Motor Coaches before an inspection could be made.  The magistrate judge found that Defendants unreasonably delayed in seeking to compel inspection, but denied the motion without prejudice as to Defendant's right to request that an adverse inference instruction be given at the time of trial based on Plaintiff's conduct.  See Order, Doc. No. 100, p.6-9. Neither party filed objections to this order.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

      All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

      Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

////

////

III. Analysis

Defendants have moved for summary judgment asserting that Plaintiff's claimed damages are excluded by the plain language of the limited warranties, the claims for breach of express and implied warranties should be dismissed because no warranties other than the limited warranties were made by Defendants, the breach of contract claim should be dismissed because Defendants did not breach the contract, and no separate cause of action for breach of the covenant of good faith and fair dealing arises from Nevada or Georgia statute. Plaintiff asserts that the limited warranty does not exclude any of the causes of action because it is void to due Defendants' failure to repair and remedy defects. Plaintiff also asserts that it has sufficiently proven damages in its chart attached as Exhibit 1 to its opposition.

A. Effect of the Limited Warranties

The parties do not dispute that the warranties should be construed under the laws of the State of Georgia.[1] Official Code of Georgia Annotated 11-2-719(3) ("O.C.G.A.") governs the enforceability of limitations and exclusion of consequential damages in transactions governed by the Uniform Commerical Code ("UCC"). This section states:

> Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable, but limitation of damages where the loss is commercial is not.

The Georgia Supreme Court has expressly held that section 11-2-719(3) expressly allows manufacturers of products to limit or exclude warranties for consequential damages. See NEC Tech., Inc. v. Nelson, 478 S.E.2d 769, 771 (Ga. 1996). Plaintiff does not assert that the warranty in this case excluding consequential damages is unconscionable, and even if it did, the Court would find

---

[1] Defendant Caterpillar argues its motion under the laws of Nevada. The Cat Warranty did not contain a choice of law provision and it could be argued that Nevada law applies to its interpretation. In its opposition, Plaintiff produced an unauthenticated lease for the engines that contains a warranty and a Tennessee choice of law provision. However, neither party ever argued that the Cat Warranty should be governed by Tennessee law. Plaintiff seems to argue that Georgia law applies to both warranties. The Court finds that Georgia law applies to both warranties, but also finds that the outcome would be the same under Nevada law as Georgia law.

that the warranties here are clearly not unconscionable. Mr. Haggerty negotiated the contract for Plaintiff and is a skilled, experienced business person and an expert in his field. He knew the contract excluded consequential damages and negotiated for changes in other areas. Furthermore, the language of the exclusion was clear, set apart in its own paragraph, and written in all capital letters to further distinguish it.

In response to Defendants' motion for summary judgment, Plaintiff argues that the limited remedy fails of its essential purposes, asserting that the Caterpillar engines and Blue Bird Motor Coaches were never made free of defects. "Assuming the purchaser has maintained his vehicle in the manner specified, it is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy [that] would constitute a breach of warranty." Knight v. Am. Suzuki Motor Corp., 612 S.E.2d 546, 549 (Ga. App. 2005). "Where the manufacturer or dealer has had several opportunities to repair or replace and the defect remains, such facts create jury questions whether or not there has been a breach of warranty and whether the opportunity to repair was reasonable under the circumstances." McDonald v. Mazda Motors, 603 S.E.2d 456, 460 (Ga. 2004). A seller or manufacturer does not have an unlimited time period to repair and/or replace parts under a warranty. See Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259 (Ala. 1983).

Defendants adduced evidence and testimony or affidavits asserting that they covered every warranty claim that Plaintiff made in order to assert that no genuine issue of material fact prevented the court from granting summary judgment. In response, Plaintiff presented an unsubstantiated, unauthenticated chart of repairs made to the Motor Coaches and cited to the deposition testimony of Haggerty. Here, Exhibit 1 to Plaintiff's Opposition (#87) is completely unauthenticated and therefore inadmissible. See Orr v. Bank of Am., 285 F.3d 773 (9th Cir. 2002). Additionally, the few issues raised by Plaintiff do not raise genuine issues of material fact about whether Defendants failed to repair defects or replace parts and whether they did so in an untimely manner that would cause the limited warranty to fail of its essential purpose.

"[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. <u>Villiarimo</u>, 281 F.3d at 1061. If the moving party meets its initial burden of production, summary judgment will be granted unless there is significant, probative evidence tending to support the opposing party's legal theory. See <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 289-90 (1968). "In essence...the inquiry [is]...whether the evidence presents a sufficient disagreement to require a submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 251-52.

The question remains whether Haggerty's testimony standing alone is enough in this action to stave off summary judgment. First, as to the Blue Bird Warranty, Haggerty testified that a front clip was not replaced timely. However, the Court must disregard this testimony, because the front clip was damaged in an accident and was not a warranty item. Similarly, Haggerty contends that the exhaust system was never replaced in accordance with the original sales contract. However, this was a contractual issue not a warranty issue.

Haggerty also makes conclusory assertions that the brakes were defective and problems with them were never resolved, door valves were constantly needing replacement, and Plaintiff was not fully reimbursed for paint. However, Plaintiff failed to offer evidence that directly contradicts Defendant Blue Bird's assertion that all warranty requests were covered by Defendant Blue Bird. Haggerty's testimony regarding the brakes was that Plaintiff dealt directly with Meritor, the manufacturer of the brake system and parts. Defendants asserted that the door valves were not working as the result of normal wear and tear from constant use. Plaintiff failed to refute this claim with evidence, other than Haggerty's conclusory and self-serving testimony that a valve would be replaced "...and then last, you know, two minutes, and then we'd have to get another door valve." <u>Defendant Blue Bird's Motion for Summary Judgment</u>, Ex. 2, Deposition Testimony of Michael Haggerty, Vol. 2, pp. 44-45. This conclusory, unsupported statement does not raise a genuine issue of fact. Plaintiff has failed to substantiate its claims with evidence admissible at trial that would

raise a fact question for a jury. The unsupported statements by Haggerty do not constitute substantial evidence from which a jury could conclude that the Warranty failed as to its essential purpose allowing Plaintiff to pursue incidental and consequential damages. Accordingly, the Court dismisses the claims against Defendant Blue Bird.

Similarly, Plaintiff alleges that the Cat Warranty fails for its essential purpose because the engines were defective and never adequately repaired or replaced. It is undisputed that one Motor Coach had its engine replaced once and the other two had their engines replaced twice. However, this alone is not evidence requiring the Court to find genuine issues of material fact exist about whether the Cat Warranty has failed for its essential purpose. Defendant Caterpillar has met its burden in demonstrating that defects were adequately repaired. See John Deere Ind. Equip. Co., Inc. v. G.W. Ponder, 218 S.E.2d 686, 687 (Ga. App. 1975). Plaintiff's own employee, John Kennedy, testified "Caterpillar sent somebody down...And he came down and actually made good on the engines...He stepped up to the plate because we were having engine issues with those buses also." In response, Plaintiff only cites to the testimony of Haggerty that the repairs were not made timely and never solved the problems. However, Plaintiff has failed to supplement that testimony with any admissible documentation that the Court could rely on in order to determine whether the warranty claims were properly made and repair or replacement was untimely. Accordingly, Plaintiff has not met its burden in demonstrating that a genuine factual issue for trial exists. See Matsushita, 475 U.S. at 587. Therefore, the Court dismisses the claims against Defendant Caterpillar.

B.  Damages

Defendants have also moved for summary judgment asserting that Plaintiff cannot demonstrate an issue of fact that exists as to damages. Defendants argue that Plaintiff has not suffered any actual lost profit damages as asserted in its complaint. The Court agrees. Again, the repair chart submitted as Exhibit 1 to its Opposition is inadmissible. Plaintiff asserts:

> "It is Ryan's Express prerogative to select the manner for which it expects to prove its damages at trial. The third-party contract, repair records, and computation of damages that Ryan's express has previously produced,

supported with substantive testimony it intends to provide at trial, is more than adequate to establish its damages."

Plaintiff's Opposition, Doc. 87, p.11, l. 9-12.  This assertion illuminates the entire problem with Plaintiff's position.  In opposing a motion for summary judgment, Plaintiff must offer sufficient evidence of its claims at the time it opposes the motion for summary judgment–not at a speculative trial in the future.  See Celotex, 477 U.S. at 325.  Furthermore, Plaintiff must make specific citations to the record rather than make vague statements that "the repair records" and "computation[s] of damages...previously produced, supported with substantive testimony it intends to provide at trial" are adequate to support its claims.  See, e.g., Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003)("judges are not like pigs, hunting for truffles buried in briefs")(quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).  As the party opposing summary judgment, Plaintiff was required to "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).  The Court has no obligation to "scour the record in search of a genuine issue of triable fact."  Id.  Here, Plaintiff has failed to identify with reasonable particularity the evidence precluding summary judgment.  Accordingly, the Court grants summary judgment on the issue of damages as well.

      C.  Breach of the Covenant of Good Faith and Fair Dealing

Defendant Blue Bird also moved to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing arising either under Nevada Revised Statute § 104.1304 or O.C.G.A. § 11-1-203.  Both statutes read: " Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement."  However, this code section does not state a separate cause of action in either Georgia or Nevada.  See Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga.App. 369 (2004); Nev. Rev. Stat. § 104.1304, cmt. 1 ("This section does not support an independent cause of action for failure to perform or enforce in good faith").

Additionally, Plaintiff failed to file any points and authorities in opposition to the motion on this claim.  Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in

opposition to a motion consent to the granting of the motion.  Accordingly, good cause being found and in accordance with LR 7-2(d), the Court grants the motion for summary judgment on Plaintiff's claim for breach of the covenant of good faith and fair dealing.

D.  Summary

Accordingly, the Court grants Defendants' motions for summary judgment, because the Limited Warranties excluded Plaintiff's claims and damages.  Furthermore, Plaintiff failed to establish breach of contract or breach of express or implied warranties, because it did not adduce specific evidence demonstrating that Defendants breached the contract by failing to uphold its obligation to repair or replace defective or damaged parts.  Further, Plaintiff failed to adduce admissible evidence raising an issue of fact from which a jury could infer that the Warranties failed as to their essential purpose.  Plaintiff also failed to adduce evidence that demonstrated any damages arising from a purported breach of contract.  Finally, the claim for breach of the covenant of good faith and fair dealing must be dismissed, because it is not actionable as a separate claim in either Georgia or Nevada.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Blue Bird Corporation's Motion for Summary Judgment (#78) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Caterpillar, Incorporated's Motion for Summary Judgment (#79) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 24TH day of March 2009.

                                                         Kent J. Dawson
                                                         United States District Judge